Bissell, J.,
delivered the opinion of the court.
Bohn and Hamilton were employed by the appellant, S wink, to do work and furnish materials for the repair of certain farming machinery which he owned. The doing of some work by Bohn and Hamilton is conceded. The dispute arose over the character of the materials furnished and the kind of work which the machinist did. The defense was based entirely on the alleged use of defective materials and an unskillful performance. Hamilton’s interest was assigned to Bohn, who brought suit to recover $85.00. We are wholly unconcerned with the sufficiency of the testimony or the right of Bohn to recover. The errors for which the case must be reversed proceed from sundry rulings of the court made during the progress of the trial. The trial of the case was commenced on the 17th of January, 1894. It progressed to the conclusion of the testimony of two witnesses and was adjourned until the ensuing 18th. On the 18th, the case was continued by consent until the 29th of January. When the adjournment was ordered, the court, over the defendant’s objection, roceeded to discharge the jury from further consideration of the case. No reason was assigned, nor is there anything in the record to disclose the basis for this order. The jury was in no wise attacked, nor was any member of it shown to be disqualified, nor was anything brought to the attention of the court which would entitle him to exercise his discretion respecting the retention or discharge of the jury. The case was originally tried before a justice, an appeal was taken and the papers were then sent up to the county court. On the trial before the justice a letter of Swink’s was offered in evidence, which, according to the testimony of the justice given in the county court, contained a damaging admission as to the labor, and a sentence which permitted an inference of its satisfactory performance. It seems this letter had been used before the justice and was transmitted with the papers to the *519 county court. When the plaintiff desired to produce it and called on the clerk of the county court for its production it was not forthcoming. To establish the loss and lay a basis for the introduction of secondary testimony concerning its contents, the plaintiff produced the justice, who swore that a letter purporting to have been written by Swink had been produced in evidence on the trial before him and had been by him transmitted to the county court. The clerk of the county court was not produced, but the deputy was offered, who testified that he had been unable to discover any letter among his files. Whether in point of fact the document had ever reached the county court was not shown, nor was any search among the files or records of the county court proven. On this basis the justice was permitted to give testimony as to the contents of the letter. On the 29th of January, when the case was again called for trial, a new jury was impaneled. The court instructed this jury respecting the burden of proof. This will be commented on later in the opinion.
The court undoubtedly committed an error in discharging the jury after they had been duly impaneled and sworn to try it. The Code of 1887, sec. 189, gives the court power to discharge a jury under certain circumstances. The existence of this authority as a common law right is recognized by most of the authorities. Thompson on Trials, chap. 4, sec. 90.
We need not decide whether this general common law right to discharge a jury which has been impaneled is still possessed by Colorado courts, notwithstanding the legislation which under exceptional ciroumstances confers it, We need not determine whether the provisions of section 189 must be taken to exclude all other basis for the court’s'action, because under no rule of law that we have been able to discover or to which our attention has been called has the court any arbitrary power to discharge a jury after it has been impaneled and sworn. The parties are entitled to have their case heard hy the jury which has been selected and they cannot be deprived of that right unless some suffi *520 cient reason exists for the exercise of the court’s power in the premises. This case discloses none. The court simply discharged the jury and called another. This he manifestly had no right to do. Of itself this would operate to reverse the case.
The court was equally at fault when it permitted secondary testimony concerning the contents of the letter said to have been written by Swink. It was a most important piece of testimony, bearing upon the only issue in the case, to wit, the character of the materials used and the kind of work which had been done. If the jury were satisfied Swink had admitted that the materials were good and the labor workmanlike, they would naturally conclude Bohn was entitled to his money. The plaintiff could have laid a sufficient foundation for the introduction of the evidence, and when he failed the court erred in admitting it.
The instruction which the court gave, respecting the burden of proof, was objectionable, because of the absence of certain limitations which were essential to the exact and careful expression of the law on the subject. The dividing line between what the plaintiff must prove in a case of this sort, and what the defendant must show when he alleges the materials were defective and the work unskillfully done, is a very narrow one and ought to be carefully guarded by the court. Of course the plaintiff may not recover without showing performance, which in a measure compels him to establish that he properly performed the labor which he was hired to do. On the other hand, when the defendant alleges that the work was unskillfully done and the materials defective, he must maintain the issue which he has tendered. In giving instructions on this subject, the court should fairly indicate the dividing line between the two burdens and aptly inform the jury as to what the plaintiff must establish as contradistinguished from what must be proven by the defendant. The court’s instruction on this subject possibly was not so inexact that it would have compelled the reversal of the case, but the attention of the court is drawn to it that *521 more care may be used on the subsequent trial in outlining the duty which must be discharged by the respective parties in this particular.
For the errors committed.by the trial court, this case must be reversed and remanded for a new trial in conformity with this opinion.

Reversed.